## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

---

JERRY W. EDDINS, DENA M. CANNON, SHRISICE WASHINGTON,
DIONNE MACKEY, STEPHANIE S. A. EDDINS, MICHAEL BYCZEK,
TERI NELSON, JULIANA VAN TUIL, KATIE YOUNG, *and* SUZANNE BOLDEN
*on behalf of themselves and others similarly situated*,

        Plaintiffs,

v.

TIME WARNER NY CABLE LLC,                    Case No. 13-cv-2521

        Defendant.

---

## CLASS & COLLECTIVE ACTION COMPLAINT

---

Plaintiffs, on behalf of themselves and approximately four hundred (400) others similarly situated, by and through their attorneys, The Harman Firm, PC, respectfully allege as follows:

1.      Plaintiffs are current and former customer service representatives working at Defendant's call center in Colorado Springs, Colorado.  They bring this action for systemic wage theft; Plaintiffs are owed substantial amounts of money in unpaid wages.

2.      Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated to remedy Defendant's violations of the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and its accompanying regulations.

3.      Plaintiffs also bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and others similarly situated to remedy Defendant's violations of the overtime provision of the Colorado Minimum Wage Order ("CMWO"), 7 Colo. Code Regs. § 1103-1, *et seq.* and the Colorado Minimum Wages of Workers Law ("CMWWL"), C.R.S. § 8-6-1-1, *et seq.*

4.      At all relevant times, Defendant engaged in systemic wage theft compelling Plaintiffs to work in excess of forty (40) hours per week without paying them overtime compensation, as alleged herein.

**The Parties**

5.      Defendant, Time Warner NY Cable, LLC ("TWC"), is a Delaware limited liability company authorized to do business in the State of Colorado.  TWC owns, operates, and manages a call center in Colorado Springs located at 2221 East Bijou Street, Colorado Springs, CO 80909, which services Time Warner Cable customers in the Southwest United States, including southern California (the "Call Center").

6.      Plaintiff, Jerry W. Eddins, is an individual residing at 495 Buckeye Drive, Colorado Springs, CO  80919.  Mr. Eddins began working at the Call Center in or around November 2009.  His employment ended in or around October 2010.

7.      Plaintiff, Dena M. Cannon, is an individual residing at 7135 Independence Square, Apartment 307, Colorado Springs, CO  80915.  Ms. Cannon began working at the Call Center in or around January 2011.  Her employment ended in or around September 2012.

8.      Plaintiff, Shrisice Washington, is an individual residing at 1950 Mineola Street, Colorado Springs, CO  80915.  Ms. Washington began working at the Call Center on August 5, 2011.  Her employment ended in or around May 2012.

9.      Plaintiff, Dionne Mackey, is an individual residing at 3561 Lenoso Terrace, Colorado Springs, CO  80910.  Upon information and belief, Ms. Mackey worked at the Call Center during the relevant time period.

10.     Plaintiff, Stephanie S. A. Eddins, is an individual residing at 495 Buckeye Drive, Colorado Springs, CO  80919.  Ms. Eddins began working at the Call Center on or about June 25, 2010.  Her employment ended on or about January 1, 2012.

11.     Plaintiff, Michael Byczek, is an individual residing at 3930 Hickory Hill Drive, Colorado Springs, CO  80906.  Mr. Byczek began working at the Call Center in or around November 2009.  His employment ended in or around September 2011.

12.     Plaintiff, Teri Nelson, is an individual residing at 3685 Michigan Avenue, Apartment 4, Colorado Springs, CO  80910.  Ms. Nelson began working at the Call Center on or about August 8, 2008.

13.     Plaintiff, Juliana Van Tuil, is an individual residing at 6930 Rosewood Circle, Colorado Springs, CO  80908.  Ms. Van Tuil began working at the Call Center on or about on or about August 8, 1998.

14.     Plaintiff, Katie Young, is an individual residing at 1731 Van Die Street, Colorado Springs, CO  80915.  Ms. Young began working at the Call Center on or about October 21, 2008.  Her employment ended on or about May 26, 2012.

15.     Plaintiff, Suzanne Bolden, is an individual residing at 6830 Medicine Bow Avenue, Fountain, CO  80817.  Ms. Bolden began working at the Call Center on or about November 12, 2001.  Her employment ended on or about May 8, 2013.

### Jurisdiction & Venue

16.     This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331, which provides jurisdiction over cases involving federal questions.

17.     This Court has jurisdiction over Plaintiffs' CMWO claim pursuant to 28 U.S.C. § 1367(a), which provides jurisdiction over state law claims involving the same case or controversy as a federal question claim.

18.     Venue is proper in the District of Colorado because the Call Center is located in Colorado Springs and Plaintiffs live in or around Colorado Springs.

### Statement of Facts

19.     Plaintiffs are current and former customer service representatives at the Call Center.  Plaintiffs are overtime-eligible, hourly employees.

20.     Plaintiffs are scheduled to work five (5) shifts per week.  Each shift is eight and one half (8.5) hours or nine (9) hours long with unpaid breaks of thirty (30) minutes or one (1) hour, respectively.

21.     Defendant pays Plaintiffs for forty (40) hour per week regardless of how many hours Plaintiffs actually work.

22.     Defendant compels Plaintiffs to work without compensating them (i) before, (ii) during, and (iii) after each shift.[1]

#### i.     Unpaid Work Before The Start Of A Shift

23.     Each Plaintiff has a computer at his or her workstation through which customers' calls are serviced.

24.     Plaintiffs use several computer programs while servicing customers' calls, including, without limitation: Microsoft Office Lync, Internet Explorer, Advance Customer

---

[1]     However, occasionally, for short-term projects unrelated to Plaintiffs' daily duties, Plaintiffs were allowed to sign up for overtime work through a sign-in sheet that would be posted in the Call Center.

Service Representative, Advanced Agent Desktop, Orange Tools/Docsis, Webmail/Outlook, Avaya Phone System, Offers Playsheet, Issue Track, and Kronos.

25.     Plaintiffs' time is tracked for payroll purposes through Kronos.  Plaintiffs do not start receiving customers' calls until they are logged-in to Kronos.

26.     Plaintiffs had to be logged-in to Kronos at the precise starts of their shifts or they were subjected to discipline.  Plaintiffs could not log-into Kronos early or late without being penalized.

27.     In order to service a customer's phone call, Plaintiffs used all of the aforementioned computer programs.  Therefore, all of the aforementioned computer programs must be "booted-up" before Plaintiffs started taking calls.

28.     Plaintiffs estimate it takes in excess of ten (10) to as much as twenty (20) minutes to boot-up these programs.

29.     So they could log-in to Kronos at the precise starts of their shifts, Plaintiffs had to be at their workstations and begin the booting-up process at least ten (10) minutes before the scheduled starts of their shifts.

30.     Plaintiffs were not compensated for the time spent before their shifts booting-up their computers.  Plaintiffs would arrive at the call center and swipe into the security system of the building twenty (20) to thirty (30) minutes or more prior to their scheduled start times so that they could complete all the work necessary to log-in to Kronos.  Plainiffs were not paid for this work.

31.     Thus, in addition to the forty (40) hours Plaintiffs worked each week for which they were compensated, at all relevant times, Plaintiffs completed significant and regular work duties before each shift for which they were not compensated.

### ii.        Unpaid Work During A Shift

32.        Plaintiffs were required to log-out of Kronos for their unpaid breaks each shift or they were subjected to discipline.

33.        Plaintiffs had to log-out of Kronos at the start of their lunch break or they were subjected to discipline.

34.        When Plaintiffs finish with one call, another call is immediately put through to them.

35.        Customers' calls would often generate other work that Plaintiffs had to do.  For example, if a customer needed a technician to come to his or her home, Plaintiffs would have to complete a work order through one of the aforementioned computer programs.

36.        Since once Plaintiffs finish with one call, another call is immediately put through to them, Plaintiffs would often have to complete work orders during their unpaid breaks.

37.        Plaintiffs estimate that, at least two (2) or three (3) times per week, they were compelled to work approximately fifteen (15) minutes or more through their breaks.

38.        Plaintiffs were not compensated for the time spent working during their unpaid breaks.

39.        Thus, in addition to the forty (40) hours Plaintiffs worked each week for which they were compensated, at all relevant times, Plaintiffs completed significant and regular work duties during each shift for which they were not compensated.

### iii.     Unpaid Work After A Shift

40.     Plaintiffs were required to log-out of Kronos at the precise end of each shift or they were subjected to discipline.

41.     When Plaintiffs finish with one call, another call is immediately put through to them.

42.     Customers' calls would often generate other work that Plaintiffs had to do.  For example, if a customer needed a technician to come to his or her home, Plaintiffs would have to complete a work order through one of the aforementioned computer programs.

43.     Since once Plaintiffs finish with one call, another call is immediately put through to them, Plaintiffs would often have to complete work orders after their shifts.

44.     Plaintiffs estimate that, at least several times per week, they were compelled to work in excess of fifteen (15) minutes beyond their shifts.

45.     Plaintiffs were not compensated for the time spent working after their shifts.

### FLSA Collective Action Allegations

46.     Plaintiffs bring count 1 of this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all customer service representatives at the Call Center for the three (3) years preceding the filing of this action.  ("FLSA Collective Plaintiffs").

47.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay overtime compensation for hours worked in excess of forty (40) hours per week, as alleged herein.

Plaintiffs' FLSA claims are essentially the same as those of the other FLSA Collective Plaintiffs.

48.      The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last address known to Defendant.

### Rule 23 Class Allegations

49.      Plaintiffs bring count 2 of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all customer service representatives at the Call Center for the six (6) years preceding the filing of this action.  ("Rule 23 Class Members").

50.      The Rule 23 Class Members are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from Defendant's records.  The schedules and hours worked of each Rule 23 Class Member is determinable from Defendant's records.  For purposes of notice and other purposes related to this action, the Rule 23 Class Members' names and address are readily available from Defendant.  Notice can be provided by means permissible under Rule 23.

51.      The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of Rule 23 Class Members is not known, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are approximately 400 Rule 23 Class Members.

52. Plaintiffs' claims are typical of the claims that the Rule 23 Class Members could allege. The relief they seek is typical of the relief that the Rule 23 Class Members could seek. Plaintiffs and the Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of willfully compelling Plaintiffs to work in excess of forty (40) hours per week without paying them overtime compensation, as alleged herein. Defendant's policies and practices affected all Rule 23 Class Members, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Rule 23 Class Member. Plaintiffs and the Rule 23 Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

53. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class Members. They have no interests antagonistic to the Rule 23 Class Members, and they will vigorously pursue this action via attorneys who are competent, skilled and experienced in litigating wage and hour class actions.

54. Common questions of law and fact exist as to the Rule 23 Class Members that predominate over any questions affecting only individual members, including but not limited to:

      a. whether Defendant failed to pay overtime compensation for hours worked in excess of forty (40) per week;

      b. whether Plaintiffs and the Rule 23 Class Members are entitled to damages, and if so, the amount of and method by which such damages should be calculated; and

      c. whether Defendant is liable for Plaintiffs' and the Rule 23 Class Members' attorneys' fees and costs.

55.    The nature of this action makes a class action a superior method for the fair and efficient adjudication of Plaintiffs' and the Rule 23 Class Members' claims for the following reasons:

    a.    This case involves a large corporate Defendant with vast resources, and many individuals who have limited resources and who have relatively small claims with common questions of law and fact.

    b.    If each Rule 23 Class Member was required to file a separate law suit, Defendant, with its vast resources, would be able to exploit and overwhelm the limited resources of the individuals.

    c.    Requiring each Rule 23 Class Member to file a separate law suit will discourage other Rule 23 Class Members still employed by Defendant from asserting lawful claims because of an appreciable fear that Defendant will retaliate against them.

    d.    Prosecuting separate law suits by each Rule 23 Class Member will create a substantial risk of inconsistent or varying verdicts; will establish potentially incompatible standards of conduct for Defendant; will result in legal determinations as to each individual that are dispositive of the interest of the other Rule 23 Class Member who are not parties to the adjudications; and will impair or impede the ability of the Rule 23 Class Member to protect their own interests.

    e.    The individual claims are not large enough to warrant the costs and expenses that will be incurred in individual prosecution making it difficult, if not impossible, for the individuals to redress the wrongs done to them.

f.     The cost to the legal system for individual adjudication will be substantial making the class action superior.

## Count 1 - FLSA Overtime Violations

56.     Paragraphs 1 - 55 are incorporated herein.

57.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58.     At all relevant times, Defendant was an "employer" within the meaning of the FLSA and subject to its overtime requirement because, pursuant to 29 U.S.C. § 203(s), it is an enterprise that has employees engaged in commerce and has annual gross volume sales made or business done of not less than Five Hundred Thousand Dollars ($500,000).

59.     At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs were "employees" within the meaning of the FLSA.

60.     At all relevant times, Defendant compelled Plaintiffs and the FLSA Collective Plaintiffs to work a workweek longer than forty (40) hours without paying them overtime compensation, as alleged herein.

61.     Defendant willfully and intentionally violated the FLSA's overtime requirement.

62.     Pursuant to 29 U.S.C. § 216, Plaintiffs and the FLSA Collective Plaintiffs are entitled to an amount equal to their damages as liquidated damages.

63.     As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### Count 2 - Colorado Wage Order Violations

64.     Paragraphs 1 - 63 are incorporated herein.

65.     Pursuant to 7 Colo. Code Regs. § 1103-1(4), "employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods), whichever calculation results in the greater payment of wages."

66.     At all relevant times, Defendant was an "employer" within the meaning of the CMWO.

67.     At all relevant times, Plaintiffs and the Rule 23 Class Members were "employees" within the meaning of the CMWO.

68.     At all relevant times, Defendant compelled Plaintiffs and the Rule 23 Class Member to work a workweek longer than forty (40) hours without paying them overtime compensation, as alleged herein.

69.     Defendant willfully and intentionally violated the CMWO's overtime requirement.

70.     As a result of Defendant's unlawful acts, Plaintiffs and the Rule 23 Class Members have been deprived of overtime compensation and other wages in an amount to be

determined at trial, and they are entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 7 Colo. Code Regs. § 1103-1(18) and C.R.S. § 8-6-118.

## Request for Relief

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.      certification of Count 1 of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      designating Plaintiffs as the representatives of the FLSA Collective Plaintiffs;

C.      an award of damages equal to the unpaid overtime compensation pursuant to the FLSA and its supporting regulations and an equal amount as liquidated damages;

D.      certification of Count 2 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      designating Plaintiffs as the representative of the Rule 23 Class Members;

F.      an award of damages equal to the unpaid overtime compensation pursuant to the CMWO;

G.      pre-judgment and post-judgment interest;

H.      attorneys' fees and costs; and

I.      such other relief as the Court sees fit to award.

**Demand for Trial by Jury**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Complaint.

Dated: New York, New York
          September 16, 2013

By:       _____s/_____
          Walker G. Harman, Jr.
          THE HARMAN FIRM, PC
          *Attorneys for Plaintiffs*
          200 West 57th Street, Suite 900
          New York, New York 10019
          Tel.: (212) 425-2600
          Fax: (212) 202-3926
          wharman@theharmanfirm.com

          Ian D. Kalmanowitz
          CORNISH & DELL'OLIO, P.C.
          *Attorneys for Plaintiffs*
          431 North Cascade Avenue, Suite 1
          Colorado Springs, Colorado  80903
          Tel.: (719) 387-8205
          Fax: (719) 475-1264
          ikalmanowitz@cornishanddellolio.com