# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

JERRY W. EDDINS, DENA M. CANNON, SHRISICE WASHINGTON, DIONNE MACKEY, STEPHANIE S. A. EDDINS, MICHAEL BYCZEK, TERI NELSON, JULIANA VAN TUIL, KATIE YOUNG, *and* SUZANNE BOLDEN *on behalf of themselves and others similarly situated*,

           Plaintiffs,

v.

TIME WARNER NY CABLE LLC,           Case No. 13-cv-2521

           Defendant.

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Pursuant to Rule 37(a)(5)(B) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs, by and through their attorneys, The Harman Firm, PC and Cornish & Dell'Olio, P.C., hereby move for an order awarding them the attorneys' fees they incurred in defending against Defendant's Emergency Motion for Protective Order, Document 16, in the above-captioned action.

On October 22, 2013, the parties met and conferred by telephone regarding this proposed motion, during which time Defendant represented that if this motion were filed, Defendant would seek costs.

### Summary of the Action

Plaintiffs are current and former customer service representatives working at Defendant's call center in Colorado Springs (the "*Call Center*").  Plaintiffs are suing Defendant on behalf of themselves and others similarly situated for unpaid overtime under the Fair Labor Standards Act and Colorado law.  Plaintiffs commenced this action on September 26, 2013.

### Defendant's Unsuccessful Motion for Protective Order

On October 3, 2013, Defendant filed an "emergency" discovery motion for a protective order. On October 11, 2013, a hearing was held on the merits, after which the motion was denied in its entirety. Because Defendant filed an unsuccessful discovery motion, Plaintiffs request an award of their legal fees incurred in connection with defending against the motion. Declarations detailing the time spent by, and qualifications and hourly rates of counsel for Plaintiffs are submitted herewith. Attached as *Exhibit 1* is a comprehensive timesheet for Plaintiffs' attorneys' time in response to Defendant's motion.

### Argument

Pursuant to Fed. R. Civ. P 26 and Fed. R. Civ. P. 37(a)(5), "if the [discovery] motion is denied, the court . . . ***must***, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." (***emphasis added***).

On October 3, 2013, Defendant filed an "emergency" discovery motion for a protective order. (Docket No. 16). Defendant's discovery motion sought the following specific categories of discovery among other information:

> (1) a list of all individuals whom Plaintiffs' counsel, Plaintiffs themselves, or any of their representatives have contacted regarding this litigation; and (2) copies of all communications with putative class members and third parties regarding the facts and circumstances of this litigation, including, but not limited to, communications related to all attempts to solicit class members directly or indirectly through third parties, including [Patrick] Hartley.

Docket No. 16 at 15.

On October 11, 2013, a hearing was held on the merits, after which the motion was denied in its entirety. Because Defendant filed an unsuccessful discovery motion,[1] Plaintiffs request an award of their legal fees incurred in connection with defending against the motion.

## Certification

I, Walker G. Harman, Jr., hereby affirm under penalty of perjury that all statements of fact made herein are based on my first-hand knowledge, the exhibits annexed hereto, or facts already on the record in this case.

---

1. Defendant also failed to meet and confer with Plaintiffs. On October 1, 2013, counsel for Defendant sent a vague email to Walker G. Harman, Jr., which stated "[i]t has come to our attention that one of your clients has been trespassing at Time Warner Cable's Colorado Springs call center to solicit clients on behalf of your firm. As you know, this is a serious ethical violation by your firm, as well as a potential criminal matter for your client. This e-mail is notice to you and your client that this conduct must cease immediately." The email concluded with "[w]e reserve all rights to seek any appropriate remedies from the Court for this misconduct." *See October 1, 2013 email attached hereto as Exhibit 2.* Counsel for Defendant's email did not name the purported client or provide any other facts nor did it request a meet and confer or indicate that a motion was forthcoming or follow up in any way.

Dated: New York, New York    Respectfully submitted,
       October 29, 2013

By:      s/     
Walker G. Harman, Jr.
THE HARMAN FIRM, PC
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, New York 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com

Ian D. Kalmanowitz
CORNISH & DELL'OLIO, P.C.
*Attorneys for Plaintiffs*
431 North Cascade Avenue, Suite 1
Colorado Springs, Colorado  80903
Tel.: (719) 387-8205
Fax: (719) 475-1264
ikalmanowitz@cornishanddellolio.com