IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02521-RM-MJW

JERRY W. EDDINS,
DENA M. CANNON,
SHRISICE WASHINGTON,
DIONNE MACKEY,
STEPHANIE S. A. EDDINS,
MICHAEL BYCZEK,
TERI NELSON,
JULIANA VAN TUIL,
KATIE YOUNG, and
SUZANNA BOLDEN,
on behalf of themselves and others similarly situated,

Plaintiffs,

v.

TIME WARNER NY CABLE LLC,

Defendant.

---

## MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Plaintiffs' Motion for Attorney Fees (docket no. 36) is **DENIED** for the following reasons.  The parties shall pay their own attorney fees and costs for the subject motion (docket no. 36).

Plaintiffs stated in their Response (docket no. 21) to Defendant's Emergency Motion for Protective Order (docket no. 16) that "to save judicial resources and as a gesture of good faith" they **would not seek** "sanctions" in connection with Defendant's Emergency Motion for Protective Order.  (docket no. 21 at 2).  Plaintiffs have thus waived any request for sanctions which they now seek in the form of attorney fees. Moreover, I find that Defendant's Emergency Motion for Protective Order (docket no. 16) was substantially justified, and any award of expenses would unjust under the facts and circumstances of this case.  See Fed. R. Civ. P. 26(c) and 37(a)(5)(B).  Also, see my oral findings at the hearing on Defendant's Emergency Motion for Protective Order (docket no. 16) held on October 11, 2013 (docket no. 24).  "A motion for protective order will be deemed 'substantially justified' within the meaning of Rule 37, if it is 'justified to a degree that could satisfy a reasonable person' or where 'reasonable people could differ

as to the appropriateness' of the motion."  <u>Gipson v. Sw. Bell Tel. Co.</u>, 2008 WL 4499972, at *7 (D. Kan. Oct. 1, 2008).  For these reasons, the subject motion (docket no. 36) should be denied.

<u>Date: December 6, 2013                                                        </u>