IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02521-RM-MJW

JERRY W. EDDINS,
DENA M. CANNON,
STEPHANIE S. A. EDDINS,
JULIANA VAN TUIL, and
SUZANNA BOLDEN,
on behalf of themselves and others similarly situated,

Plaintiffs,

v.

TIME WARNER NY CABLE LLC,

Defendant.

## RECOMMENDATION ON
## AMENDED MOTION TO DISMISS NAMED PLAINTIFFS
**(Docket No. 73)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Raymond P. Moore on September 17, 2013.  Now before the court is plaintiffs' Amended Motion to Dismiss Named Plaintiffs (Docket No. 73).  The court has carefully considered the Complaint (Docket No. 1), the subject motion (Docket No. 73) and defendant's response (Docket No. 77).  Plaintiffs did not file a reply.  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Plaintiffs seek to remove Jerry W. Eddins and Stephanie S. A. Eddins as named

2

plaintiffs from this matter. Plaintiffs note that those two individuals have obtained new jobs and due to their work commitments, "cannot adequately represent the interests of the putative plaintiffs." Plaintiffs seek to dismiss these individuals without prejudice and allow them to participate as opt-in plaintiffs if and when notice is sent to them. Defendant does not oppose the dismissal of the two individuals, but does oppose their ability to later opt-in.

The court finds, that considering the current posture of this case, dismissal of plaintiffs Jerry W. Eddins and Stephanie S. A. Eddins without prejudice is appropriate. The court has previously issued a Recommendation (Docket No. 59) addressing this issue. In the court's Recommendation, which was adopted by Judge Moore (Docket No. 67), the court noted that it had warned plaintiffs' counsel at the November 14, 2013 scheduling conference that the court will not tolerate any "gamesmanship" such as any attempt by dismissed named plaintiffs to opt into the case at a later date. Accordingly, if such an attempt is made by plaintiffs Jerry W. Eddins and Stephanie S. A. Eddins, defendant shall be permitted to make its argument as to why those plaintiffs should not be permitted to opt-in. The court will then determine if opt-in of those plaintiffs should be allowed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiffs' Amended Motion to Dismiss Named Plaintiffs (Docket No. 73) be **GRANTED** and plaintiffs Jerry W. Eddins and Stephanie S. A. Eddins be dismissed without prejudice.

3

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 23, 2014
      Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge