IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 13-cv-02521-RM-MJW

DENA M. CANNON,
JUIANA VAN TUIL, and
SUZANNE BOLDEN, on behalf of themselves and others similarly situated,

      Plaintiffs,

v.

TIME WARNER NY CABLE LLC,

      Defendant.

_____

ORDER ON RECOMMENDATION
ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION (ECF NO. 104)
_____

THIS MATTER is before the Court on the United States Magistrate Judge's "Recommendation on Plaintiff's Motion for Conditional Certification of a Collective Action under the Fair Labor Standards Act, 29 U.S.C. §216(b) and for Court Assisted Notice under Authority of *Sperling v. Hoffman-Laroche*, 493 U.S. 165 (1989) (DOCKET NO. 84)" ("Recommendation") (ECF No. 104) dated September 5, 2014. The Magistrate Judge recommended that Plaintiffs' Motion for Conditional Certification of a Collective Action (ECF No. 84) be granted, with modifications. The Recommendation is incorporated herein by this reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties they had fourteen days after service of the Recommendation to file any objections. The time permitted for any objections has expired and no objections to the Recommendation have been filed.

The Court has reviewed the Recommendation, along with relevant parts of the Court file, and considered the applicable law.  The Court concludes the Magistrate Judge's analysis is thorough and sound, and there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) Advisory Committee's Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  However, as the parties agreed that the class period should extend three (3) years back from the date the Court grants class certification, the Notice shall be so modified.[1]  In addition, the Court notes that it was recommended a third-party administrator be used for sending notices, receiving opt-in forms, and filing them with the Court, but the recommended Notice provides for the return of the Consent Forms to Plaintiffs' counsel and, accordingly, for counsel to file them with the Court.  No party objected.  Therefore, it is **ORDERED** as follows:

1. That the Magistrate Judge's Recommendation (ECF No. 104), as modified herein, is **ADOPTED** as an order of this Court;

2. That the Plaintiffs' "Motion for Conditional Certification of a Collective Action under the Fair Labor Standards Act, 29 U.S.C. §216(b) and for Court Assisted Notice under Authority of *Sperling v. Hoffman-LaRoche*, 493 U.S. 165 (1989)" (ECF No. 84) is **GRANTED** to the extent stated in the Recommendation and as modified herein;

---

[1] Changes are highlighted in red.

3.  That the Notice approved to be provided to potential opt-in plaintiffs is appended to the end of this Order; and

4.  That within thirty (30) days of the date of this Order:

    a.  Defendant shall provide Plaintiffs with the names and last known addresses of all current and former Customer Service Representatives who work or worked, as the case may be, at the Bijou Street Call Center, Colorado Springs, Colorado, at any time since October 6, 2011; and

    b.  The parties shall jointly retain a third-party administrator to administer the notice process, with each side to pay 50% of the cost of such third-party service. The third-party administrator shall be responsible for mailing, by first class mail, the approved Notice to each potential opt-in plaintiff identified in paragraph 4.a. above.

DATED this 6th day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

## Notice to Customer Service Representatives Employed by
## Time Warner NY Cable, LLC

This is a Notice to all Customer Service Representatives who were employed by Time Warner NY Cable, LLC, at their call center at 2221 E. Bijou St., Colorado Springs, Colorado 80909, between October 6, 2011 and the present.

A lawsuit has been filed in the United States District Court, District of Colorado on behalf of Customer Service Representatives against Time Warner NY Cable, LLC alleging violations of the federal Fair Labor Standards Act and seeking to recover unpaid overtime wages and liquidated (double) damages.

Plaintiffs allege that they were not paid for work done before the start of shift, during shift breaks, and after the end of shift.  Defendant Time Warner NY Cable, LLC denies the allegations and believes that Customer Service Representatives are and were properly paid under the Fair Labor Standards Act.

Plaintiffs are represented by Walker G. Harman, Jr. of The Harman Firm PC, who may be contacted at (212) 425-2600.  Defendant is represented by Nathan Chapman of Wargo & French LLC, who may be contacted at (404) 853-1500.

If you were employed by Time Warner NY Cable, LLC as a Customer Service Representative between October 6, 2011 and the present, and you believe you may be due unpaid overtime, you may join in this action to recover unpaid wages by completing the enclosed Consent Form and mailing it to:

[Name and Address of Third-Party Administrator]

If you are a **current employee** of Time Warner NY Cable, LLC you may join in the lawsuit in order to recover unpaid wages and liquidated damages. You are protected by federal law from any retaliation by Time Warner NY Cable, LLC and your employment will not be affected if you chose to join in this lawsuit.

You have 90 days from the date this notice is mailed to return the Consent Form to The Harman Firm PC for filing in this action. **The statute of limitations will continue to run, reducing your claim, until the date the signed Consent Form is received by the Court.**

If you choose to join this lawsuit, you will be bound by the judgment and may be impacted by any settlement of the case. The decisions and agreements made and entered into by Plaintiffs will be binding on you if you join this lawsuit. If you choose to join this lawsuit, you may be required to respond to written requests for information and you may be required to produce documents for use in the lawsuit. You may be required to provide sworn testimony under oath at depositions, hearings, or trial, and you may be required to travel to Denver, Colorado to do so. Further, if Plaintiffs lose the lawsuit, you may be required to pay a portion of the costs and attorneys' fees incurred by Defendant Time Warner NY Cable, LLC in defending the case.

If you chose to join in the lawsuit you may 1) represent yourself, 2) hire a lawyer of your choice, or 3) hire The Harman Firm, PC, 1776 Broadway #2030, New York, NY, 10019.

The Harman Firm will provide representation on a contingent fee basis, which means that your attorneys' fees will be paid from amounts collected by settlement or judgment and will be subject to approval by the Court.

THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO.
THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES
