**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13–cv–02521–RM–MJW

DENA M CANNON,
JULIANA VAN TUIL, and
SUZANNE BOLDEN, on behalf of themselves and others similarly situated,

      Plaintiffs,

v.

TIME WARNER NY CABLE LLC,

      Defendant.

---

**ORDER**
**APPROVING THE PARTIES' SETTLEMENT AGREEMENT**
**AND DISMISSING THE CASE WITH PREJUDICE**

---

THIS MATTER is before the Court on the parties' Renewed Joint Motion for Approval of Settlement Agreement and Award of Attorneys' Fees ("Renewed Joint Motion") (ECF No. 222). The parties request the Court to approve their settlement agreement which resolves all of Plaintiffs' claims. Upon consideration of all relevant matters, for the reasons stated below, the Court approves the parties' settlement agreement and, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismisses the case with prejudice.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs are current and former customer service representatives working, or who worked,

at Defendant's call center in Colorado Springs, Colorado.  The Named Plaintiffs[1] brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Colorado law to recover unpaid overtime compensation allegedly owed.  (ECF No. 1.)  On October 6, 2014, the Court conditionally certified this case as a collective action under the FLSA.  (ECF No. 106.)  After conducting substantial discovery, as detailed in the Renewed Joint Motion, the parties, represented by their respective counsel, engaged in arms-length settlement negotiations, reached a compromise on the claims, and resolved all their differences.  Plaintiffs, with counsel's advice, have fully consented to resolving all of their claims in accordance with the Settlement Agreement and Release between Plaintiffs and Defendant executed by Plaintiffs' counsel and Defendant.  (ECF No. 222–1.)

Initially, after reaching a settlement, the parties presented their "Joint Motion for Approval of Settlement Agreement and Award of Attorneys' Fees" ("Joint Motion") (ECF No. 218) to the Court for approval.  Upon review of the Joint Motion, the Court held a hearing on June 17, 2015, regarding the terms and conditions of the proposed settlement and ordered the parties to provide a status report or amended settlement papers.  (ECF No. 221.)  Thereafter, the parties submitted the Renewed Joint Motion which is now before the Court for approval.

## II.   LEGAL STANDARD

Stipulated settlements in FLSA cases brought by employees (or former employees) against their employer require court approval.  *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13–CV–

---

[1] Originally, there were ten named plaintiffs.  (ECF No. 1.)  Only three of the originally named plaintiffs (Dena M. Cannon, Juliana Van Tuil, and Suzanne Bolden) remain as such.  As used herein, the Named Plaintiffs refer to these three plaintiffs.  (ECF No. 222.)

01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014); *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Approval should be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees.  *Baker*, 2014 WL 700096, at *1; *see Lynn's Food Stores*, 679 F.2d at 1354.

## III.  ANALYSIS

### A. Bona Fide Dispute

Parties who request approval of an FLSA settlement "must provide the Court with sufficient information to determine whether a bona fide dispute exists."  *Baker*, 2014 WL 700096, at *1; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010).  "To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage."  *Baker*, 2014 WL 700096, at *1 (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719–20 (E.D. La. 2008)).

In this case, the Court finds that a bona fide dispute exists.  Here, Plaintiffs claim that Defendant failed to pay them overtime wages while they worked as a customer service representative at Defendant's Colorado Springs, Colorado call center.  (ECF No. 1 at, *e.g.*, ¶¶ 1-4, 19-22.)  Plaintiffs allege they are owed overtime wages for work performed preparing

3

("booting-up") their computers prior to the beginning of their shift (ECF No. 1 at ¶¶ 23-31); for work performed during their unpaid breaks during their shifts (ECF No. 1 at ¶¶ 32-39); and for work performed after the end of their shifts (ECF No. 1 at ¶¶ 40-45).  Plaintiffs claim that they worked 40 hours or more per week, but were paid 40 hours per week regardless of how many hours they actually worked, and are entitled to overtime for all uncompensated time.  (ECF No. 1 at ¶¶ 21, 60, 68.)  Among other things, Defendant denies that it failed to pay Plaintiffs any overtime wages due; asserts its policies prohibit any hourly employee from performing work during times for which he or she is not being compensated; contends that if Plaintiffs performed any off-the-clock work, Defendant was unaware of it; and argues that the time periods for which Plaintiffs allegedly were not paid are *de minimis* and, therefore, are not compensable as a matter of law.  (ECF No. 22, *passim*; No. 222, page 4.)  As such, the record shows that a bona fide dispute exists.

### B. Fair and Reasonable Settlement

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee[ ] and must not frustrate the FLSA policy rationales."  *Baker*, 2014 WL 700096, at *2.  The Court considers several factors when evaluating the fairness of a settlement: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable."  *Baker*, 2014 WL 700096, at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir.

2002)) (relying on factors considered in approving class action settlements under Fed. R. Civ. P. 23(e)).

### 1. *Whether the parties fairly and honestly negotiated the settlement*

This litigation has been pending for almost two years and, although the record shows there have been difficulties with discovery, the parties represented they were able to nonetheless conduct significant discovery prior to engaging in settlement discussions. The parties also advised that eight attorneys were involved with the settlement process, and the settlement was the product of their arms-length negotiations. Accordingly, the Court finds this first factor is satisfied.

### 2. *Whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, and whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation*

The Court finds serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, and the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation. Here, the parties dispute the merits of Plaintiffs' claims, the viability of Defendant's defenses, the proper calculation of damages (assuming there are any), and whether this case is appropriate for collective treatment. There is also a dispute over whether the dismissal of certain Plaintiffs is warranted in light of alleged discovery violations.[2] The record shows the case is hotly contested, and there has already been protracted litigation. Plaintiffs acknowledge the risk of continuing this litigation, and agree that the value of an immediate recovery is preferable than continuing to litigate for a lengthy period of time with only a possibility

---

[2] In fact, there is a pending recommendation that three Plaintiffs be dismissed with prejudice for discovery violations. (ECF No. 214.)

of recovery at the conclusion of the lawsuit.   In light of these facts and circumstances, the Court finds the second and third factors are met.

      3.   *The judgment of the parties that the settlement is fair and reasonable*

The parties agree that the terms of the Settlement Agreement are fair and reasonable. Under the Settlement Agreement's terms, Defendant agrees to pay up to a maximum settlement amount of $49,550.00, which consists of payment to members of the settlement group amounts ranging from $100.00 to $900.00, payment to class counsel for fees and costs of $20,000.00, and payment of settlement administration fees of $8,000.00.   (ECF No. 222-1 at 3-5.)   According to the parties, the individualized amounts paid to each member of the settlement group are for their minimal, disputed claims.   Further, the parties represent that for those members of the settlement group who did not comply with discovery obligations and whose claims could be subject to dismissal, the settlement amounts exceed what he or she would recover under the FLSA if their claims were to be dismissed.   (ECF No. 222 at 7.)   For all members of the settlement group, the parties advise that these settlement amounts represent a compromise between the parties for the potential value of their highly-disputed claims and constitute amounts that may exceed what he or she could possibly recover under the FLSA for any alleged unpaid overtime were this litigation to proceed further.   (ECF No. 222 at 7-8.)   Based on the foregoing, the Court finds that the record shows the parties fairly and honestly negotiated the settlement.

      4.   *The settlement must not frustrate the FLSA policy rationales*

"To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that

plaintiffs' circumstances will recur; and (3) whether defendants had a history of noncompliance with the FLSA." *Baker*, 2014 WL 70096, at * 2 (citing *Dees*, 706 F. Supp. 2d at 1244). The Court finds that the settlement agreement does not undermine the FLSA's purposes. First, the parties represent that Court-authorized Notice was mailed to more than 1,400 current and former customer service representatives of Defendant, and that no individuals who have indicated an interest in joining the action have been excluded from this settlement. Thus, no similarly-situated employees who have sought to join this action are being excluded from this settlement and the rights of absent "class" members are not affected. Second, Plaintiffs' circumstances are not likely to recur because the parties also represent that the majority of the members of the settlement group are no longer employed by Defendant. For those few members who are still employed, the parties advise the Defendant's policies prohibit the conduct alleged, and these circumstances are unlikely to recur. Third, according to the parties, Defendant does not have a history of non-compliance with the FLSA. Finally, while the Settlement Agreement contains certain restrictions on media contact, the agreement is a public document and thus its terms are public. Therefore, future plaintiffs would have notice of prior allegations of Defendant's improper conduct.

In summary, the Court finds the above factors and considerations show the Settlement Agreement is fair and reasonable.

### C. Attorneys' Fees

The Court must consider whether the employees' FLSA claim "has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise." *Dorismond v. Wyndham Vacation Ownership,*

*Inc.,* Case No. 14–CV–63, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citation omitted). The parties represent that the class counsel fees and costs payment was negotiated separately and without regard to the amount paid to the members of the settlement group. Defendant does not oppose the requested payment. The parties further represent and agree that the time and expenses class counsel incurred in this litigation significantly exceed the payment amount based on a lodestar calculation. The Court's review of the record supports such representation. Upon consideration of these facts and circumstances, the Court is satisfied that the $20,000.00 payment is reasonable and does not compromise Plaintiffs' FLSA claims. Therefore, the Court will approve the parties' Settlement Agreement.

**IV.     CONCLUSION**

Based on the foregoing, the Court ORDERS that

(1) The Renewed Joint Motion for Approval of Settlement Agreement and Award of Attorneys' Fees (ECF No. 222) is GRANTED;

(2) The Parties' Settlement Agreement and Release of Claims Between Plaintiffs and Defendant (ECF No. 222-1) is APPROVED;

(3) The "Report & Recommendation on Defendant's Motion to Dismiss Opt-In Plaintiff Terri Nelson and for Attorneys' Fees (Docket No. 203)" (ECF No. 219) is ACCEPTED and Defendant's Motion to Dismiss Opt-In Plaintiff Terri Nelson and for Attorneys' Fees (ECF No. 203) is DENIED AS MOOT;

(4) The "Report and Recommendation on Defendant's Motion to Decertify for Failure to Provide Court-Ordered Discovery, to Dismiss Certain Opt-In Plaintiffs, and for Sanctions (Docket No. 196)" (ECF No. 214) is REJECTED AS MOOT;

(5) The following motions are DENIED AS MOOT:

    (i) Defendant's Motion to Decertify for Failure to Provide Court Ordered Discovery, to Dismiss Certain Opt-In Plaintiffs, and for Sanctions (ECF No. 196); and

    (ii) Joint Motion for Approval of Settlement Agreement and Award of Attorneys' Fees (ECF No. 218);

(6) The case is DISMISSED WITH PREJUDICE; and

(7) The Clerk of the Court is directed to CLOSE this case.

DATED this 24th day of July, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge